Dorothy HENDERSON; Robin
Howard, Appellants,

v.

CHARTIERS VALLEY SCHOOL.

No. 04–1593.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Jan. 25, 2005.

Decided April 1, 2005.

Samuel J. Cordes, Ogg, Cordes, Murphy & Ignelzi, Pittsburgh, PA, for Appellants.

Gregory C. Melucci, Julie M. Pfeiffer, Maiello, Brungo & Maiello, Pittsburgh, PA, for Chartiers Valley, School.

Before SCIRICA, Chief Judge, RENDELL and FISHER, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Teachers Dorothy Henderson and Robin Howard appeal the judgment of the District Court in favor of Chartiers Valley School District ("Chartiers Valley"). On appeal, Henderson and Howard claim: (1) that the District Court erred in instructing the jury on an employer's burdens under the Equal Pay Act, 29 U.S.C. § 206(d); (2) that the denial of their motion for judgment as a matter of law was improper; and (3) that the denial of their motion for a new trial was improper. Because Henderson and Howard failed to preserve their objection to the District Court's jury instruction, and the District Court's denial of both motions was proper, we will affirm.

## I. Background

As the parties are familiar with the facts, we will recite only those necessary to our determination. Chartiers Valley is a public school district. Generally, salaries are determined through a Collective Bargaining Agreement which includes pay scale increases based on number of years employed. However, with respect to starting salaries of newly hired teachers, Chartiers Valley has discretion; it bases its starting salary decision on various factors, some of which are not consistent with years of experience. These factors include, *inter alia*: Chartiers Valley's budgetary concerns; the type of teaching certification an applicant possesses; whether an applicant had any lapses in teaching service; relevant years of teaching experience for the particular position sought; and whether past experience was full-time or part-time.

Henderson was hired in 1994 as a high school chemistry teacher. She had 13 years of experience at the time of hire, although there were lapses in her employment history, and several of her years of employment were part-time. Henderson admitted at trial that she had not asked Chartiers Valley to receive full credit for her years of work experience. Howard was hired in 1997 as a middle school librarian. She possessed four years of experience as a librarian and 12 years total experience when hired. Like Henderson, Howard has lapses in her employment history.

Neither Henderson nor Howard was paid commensurate with her total years of experience: both were paid as if they possessed five years experience. This is inconsistent with two male Chartiers Valley teachers, Ronald Betz and Jeffery Macek, who, hired in 1992 and 1999 respectively, were given full credit for their past experience.[1] Henderson and Howard filed suit for a violation of the Equal Pay Act, alleg-

---

1. Betz was hired by Chartiers Valley upon graduation from college, first as a long-term substitute teacher and then as a full time teacher. Accordingly, per the collective bargaining agreement, he was given full credit for his three years of long-term substituting within the district. Macek was hired as a technology education teacher and had 12 years prior experience. When he interviewed for the Chartiers Valley job, Macek specifical-

ing that they received lower starting salaries than two of their male counterparts because of their gender.

The action proceeded to trial before a jury where, pursuant to the Equal Pay Act, once Henderson and Howard established a prima facie case of discrimination, the burden of persuasion shifted to Chartiers Valley to demonstrate that one of the Act's four affirmative defenses in fact explained the wage disparity. *See Stanziale v. Jargowsky,* 200 F.3d 101, 107–08 (3d Cir.2000).[2] Chartiers Valley asserted that the wage differential was not based on gender but on "factors[s] other than sex," 29 U.S.C. § 206(d), offering evidence regarding the discretionary starting salary system and the Plaintiffs' work history. At the conclusion of the evidence, both parties met in chambers and agreed to a proposed jury charge. The District Court subsequently instructed the jury regarding, *inter alia,* the shifting burdens in an Equal Pay Act case. Henderson and

Howard did not object to the jury charge prior to jury deliberation, but rather consented to the instructions.

The jury was provided with, and asked to answer, a series of special interrogatories. The third interrogatory asked the jury, "Did the Defendant prove a reason other than gender motivated its salary decision?" During the course of deliberations, the jury relayed a question the District Court summarized as follows: "In regards to Question No. 3, all the jurors feel that it was not, underscored, gender motived. It looks like they want to insert that all the jurors feel that it, the salary decision, was not gender motivated. Can you either rephrase Question No. 3 or define 'prove' as some of the jurors feel they might not have enough proof of other factors?" (App.555.)

In response to this query, the District Court twice clarified the instruction. On the first occasion, Henderson and Howard disagreed with the judge's clarification;[3]

ly requested his salary, refusing to come to Chartiers Valley for less.

**2.** The Act prohibits differential pay for men and women when performing equal work except where such payment is made pursuant to: (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quality and quantity; or (4) a differential based on any other factor than sex. 29 U.S.C. § 206(d). At trial, the defendant employer must offer evidence from which a reasonable factfinder could conclude that the proffered legitimate business reason actually motivated the wage disparity. *See Stanziale,* 200 F.3d at 108; *see also EEOC v. Delaware Dept. of Health,* 865 F.2d 1408, 1415 (3d Cir.1989).

**3.** In its first clarification of the jury question, to which Henderson and Howard objected, the District Court stated:

If the plaintiffs meet their burden of proof, the school district must demonstrate that there is a legitimate reason for the discrepancy in the pay, such as by showing that it paid disparate wages based on, one, a bona fide seniority system; two, a merit

system; three, a system that measures earnings by quantity or quality of production; or, four, a differential based on any factor other than sex.

We're not asking you to—if you find that the Defendant has made this demonstration, to indicate what it is that the Defendant used to base their salaries. All we're asking you in Question No. 3 is was there a reason other than the Plaintiffs' gender which caused them to receive this salary they did. If you answer yes to that, then the Plaintiffs cannot recover and the case is over....

We're not asking you what the Defendant has proved. We're just telling you that the burden is on the Defendant to demonstrate that something other than the Plaintiffs' sex is what caused them to receive the salary that they received. And if you feel the Defendant has demonstrated that their salary schedule or salary on which they placed these Plaintiff's was forbased on something other than the Plaintiff's sex, then you answer to Question No. 3. is no and the Plaintiffs lose.

(App. 562–63.)

they asked the District Court to further elaborate on Chartiers Valley's burden of proof relating to the affirmative defense. The District Court responded by more succinctly stating: "That the Defendant must prove that a factor other than sex caused them to set the salaries that they did." (App.565–66.) Neither party objected to the second clarification.

The jury returned a unanimous verdict in favor of Chartiers Valley. Following entry of judgment, Henderson and Howard renewed a previous motion for judgment as a matter of law and moved for a new trial pursuant to Fed.R.Civ.P. 59. The District Court denied both motions.

The District Court had jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216, incorporating by reference the Equal Pay Act of 1963, 29 U.S.C. § 206. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## II. Standard of Review

Generally, we review claims that jury instructions, taken as a whole, do not state the correct legal standard *de novo*. *See Ryder v. Westinghouse Elec. Corp.*, 128 F.3d 128, 135 (3d Cir.1997). But where a party has failed to preserve the issue, we review only for plain error and our power to reverse is discretionary. *Id.* at 136 (objection to jury instruction not properly preserved is reviewed only for plain error).

We exercise plenary review over motions for judgment as a matter of law and review a motion for a new trial for abuse of discretion. *See Grazier v. City of Philadelphia*, 328 F.3d 120, 128 (3d Cir.2003); *Marinelli v. City of Erie*, 216 F.3d 354, 359 (3d Cir.2000).

## III. Analysis

### A. The Jury Instructions

■ Jury instructions must be evaluated "to determine whether, if taken as a whole, they properly apprised the jury of the issues and the applicable law." *Tigg Corp. v. Dow Corning Corp.*, 962 F.2d 1119, 1123 (3d Cir.1992). Under Federal Rule of Civil Procedure 51, "[a] party who objects to an instruction or failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds of the objection." Fed. R.Civ.P. 51(c)(1); *see also Ryder*, 128 F.3d at 135 ("We have interpreted this rule [Fed.R.Civ.P. 51] explicitly to require that any objections to the jury charge be made at the close of the charge."). Otherwise, where no objection is made before the jury retires to consider the verdict, the objection is waived. *See Neely v. Club Med Management Services, Inc.*, 63 F.3d 166, 200 (3d Cir.1995) (failure to object to form and language of charge prior to jury deliberation waives objection); *Bennis v. Gable*, 823 F.2d 723, 727 (3d Cir.1987) (party's failure to object to a charge believed to be erroneous waives issue on appeal).

Henderson and Howard did not object to the charge given prior to the jury's retiring for deliberation. Evidence of such an objection to the charge prior to jury deliberation is required to preserve the issue on appeal. *See Fashauer v. New Jersey Transit Rail Operations*, 57 F.3d 1269, 1288 (3d Cir.1995). Henderson and Howard expressed disagreement with the District Court's first clarification to jury question No. 3, but not with the original charge. And, after initially disagreeing with the District Court's clarification, Henderson and Howard did not renew their objection following the Court's second clarification. Therefore, the issue is deemed waived unless such a waiver would result in a miscarriage of justice, which here, there is not. *See Smith v. Borough of Wilkinsburg*, 147 F.3d 272, 277 (3d Cir. 1998). The charge, taken as a whole, properly apprised the jury of the issues and applicable law. *See Citizens Financial Group, Inc. v. Citizens Nat. Bank of*

*Evans City,* 383 F.3d 110, 133 (3d Cir. 2004); *Tigg Corp.,* 962 F.2d at 1123.

■ After correctly charging the jury before deliberation and subsequently clarifying their question, the District Court again clarified the question in "an abundance of caution" stating, "That the *Defendant must prove* that a factor other than sex caused them to set the salaries that they did." (App. 0565–66) (emphasis added). This correctly states the burden that Chartiers Valley needed to meet in proving its affirmative defense. *See Stanziale,* 200 F.3d at 108 ("[I]n an Equal Pay Act Claim, an employer must submit evidence from which a reasonable factfinder could conclude that the proffered reasons actually motivated the age disparity.") Accordingly, Appellants are not entitled to relief on this claim.

### B. Motion for Judgment as a Matter of Law

■ Henderson and Howard also assert on appeal that it was improper for the District Court to deny their motion for judgment as a matter of law because Chartiers Valley failed to offer any credible evidence from which a reasonable factfinder could determine that a factor unrelated to gender motivated its salary decisions. Pursuant to Federal Rule of Civil Procedure 50, we have held that judgment as a matter of law is appropriate only if, "viewing the evidence in light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonablely could find liability." *See Ambrose v. Township of Robinson,* 303 F.3d 488, 492 (3d Cir.2002); *see also Marinelli,* 216 F.3d at 359.

■ During the course of the trial, Chartiers Valley introduced sufficient evidence from which a jury reasonably could find that its asserted affirmative defense— "factors other than sex"—was in fact the cause of the wage disparity between the salaries of the female Plaintiffs and Mssrs. Betz and Macek. Dr. Sulkowski, the superintendent of schools, set forth specific factors unrelated to sex that were used to determine starting salaries for teachers and explained how those factors operated with respect to Henderson and Howard.[4] Moreover, Dr. Sulkowski explained the process and criteria for starting salaries in relation to Macek and Betz. Specifically, Chartiers Valley introduced evidence that the starting salary disparity was not caused by gender, but rather was caused by the particular certification possessed by Macek, the salary demand of Macek, and the affect of the collective bargaining agreement on Betz's starting salary. Chartiers Valley introduced sufficient evidence at trial to allow a jury to reasonably determine that a factor other than sex did in fact cause the wage disparity between

4. Henderson and Howard also argue on appeal that Dr. Sulkowski's testimony should have been excluded through judicial estoppel. This argument is misplaced. When deciding whether judicial estoppel is appropriate, the following should be considered: whether "(1) the party to be estopped is asserting a position that is irreconcilably inconsistent with one he or she asserted in a prior proceeding; (2) the party changed his or her position in bad faith, i.e., in a culpable manner threatening to the court's authority or integrity; and (3) the use of judicial estoppel is tailored to address the affront to the court's authority or integrity." *Dam Things from Denmark v. Russ Berrie & Co., Inc.,* 290 F.3d 548, 559 (3d Cir.2002) (*quoting Montrose Med. Group Participating Sav. Plan v. Bulger,* 243 F.3d 773, 777–78 (3d Cir.2001)). The application of judicial estoppel in this case would have required the District Court to make witness credibility determinations, a function reserved specifically for the jury. Moreover, there is no evidence that Dr. Sulkowski changed his position in bad faith to undermine the courts authority. Therefore, judicial estoppel is not appropriate.

the starting salaries of Henderson and Howard and the starting salaries of Macek and Betz.

## C. Motion for a New Trial

New trials are proper when the record shows that the jury's verdict resulted in a miscarriage of justice or when the verdict, on the record, shocks the conscience as against the weight of the evidence. *See Williamson v. Consolidated Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir.1991). To overturn the jury's verdict and grant a new trial is to say that no reasonable jury could have made the determination that it did based on the evidence presented. Henderson and Howard have not met this high threshold, therefore, the District Court's denial of the motion for a new trial was correct.

## IV. Conclusion

For all of the foregoing reasons, we will AFFIRM the judgment of the District Court.