CLD-139                                           **NOT PRECEDENTIAL**
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1210
_____

KIM VO,
                    Appellant

v.

JOHN E. WETZEL, Department of Corrections; LONNIE OLIVER, Superintendent SCI
Cmbridge Springs; CORRECTIONS OFFICER M. MCCURDY; MAJOR DODDS;
SERGEANT M. VANTASSEL
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:19-cv-00084)
District Judge:  Honorable Richard A. Lanzillo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 28, 2022

Before: AMBRO, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed: May 10, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kim Vo, an inmate proceeding pro se and in forma pauperis, appeals from the District Court's order granting summary judgment in favor of defendants. For the reasons that follow, we will summarily affirm.

I.

In March 2019, Vo filed a civil rights action against defendants challenging the confiscation of her belongings, including a variety of art supplies and a set of prayer beads. In her amended complaint, which is the operative pleading, Vo alleged that defendants violated her free exercise rights when they confiscated the prayer beads; retaliated against her for filing requests and grievances; and violated her rights under the Equal Protection Clause by confiscating her art portfolio. Defendants and Vo each filed motions for summary judgment, and the District Court granted summary judgment in favor of defendants. Vo timely appealed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's grant of a motion for summary judgment de novo. See Dondero v. Lower Milford Twp., 5 F.4th 355, 358 (3d Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). As a pro se litigant, Vo is entitled to liberal construction of her complaint. See Erickson v.

2

Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

### III.

First, the District Court correctly found that Vo failed to exhaust her available administrative remedies regarding certain claims. To properly exhaust a claim as required by the PLRA, an inmate is required to complete the administrative review process by complying with the procedural rules established by the prison. Jones v. Bock, 549 U.S. 199, 218–19 (2007). Here, the Inmate Grievance System Policy required that, in filing an initial grievance, "[t]he inmate shall identify individuals directly involved in the event(s)." DC-ADM 804(1)(A)(11)(b), District Ct. ECF No. 70-2. Where a specific defendant is not identified by name, a prison may excuse the issue "by identifying the unidentified persons and acknowledging that they were fairly within the compass of the prisoner's grievance." Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004).

We agree with the District Court's conclusion that Vo failed to exhaust her claims against Major Dodds and Superintendent Oliver. Vo did not identify them by name in her initial grievance, nor were they identified in her grievance appeals, except for a reference to reporting the confiscation of her property to Oliver after the fact. Additionally, grievance officers did not name Dodds or Oliver in the grievance process such that Vo's failure to name them could be excused, and references by Vo or the grievance officers to the "search team," "security office," and "security staff," without more, were inadequate to identify Dodds or Oliver as being involved.

The District Court also properly found that the Vo failed to exhaust her equal

3

protection claim for the confiscation of her art portfolio. Exhaustion "requires inmates to provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures." Mack v. Warden Loretto FCI, 839 F.3d 286, 296 (3d Cir. 2016) (cleaned up). Vo's grievance informed prison officials that her property had been confiscated in contravention of the prison's policies, but it did not alert them to any issue of disparate treatment.[1]

The District Court also properly concluded that Vo failed to demonstrate a genuine factual dispute regarding retaliation. To establish a First Amendment retaliation claim, Vo was required to show that (1) her conduct was constitutionally protected; (2) she suffered an adverse action by prison officials; and (3) her constitutionally protected conduct was a substantial or motivating factor in the officials' conduct. Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016). Because motivation is almost never subject to proof by direct evidence, Vo could rely on circumstantial evidence to prove a retaliatory motive, and could satisfy her burden "with evidence of either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link." Id.

---

[1] Even if this claim were properly exhausted, defendants would have been entitled to summary judgment, as they established a rational basis for confiscating Vo's portfolio, which had no documentation about its origin, but not confiscating other portfolios with verified sources. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008) (to succeed on a "class-of-one" theory under the Equal Protection Clause, the plaintiff must allege different treatment from others similarly situated and no rational basis for such treatment).

Vo's conduct in filing grievances and requests was constitutionally protected, Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003), and the confiscation of her belongings constituted adverse action. However, McCurdy and Zakostelecky attested that they were unaware of Vo's grievances or complaints when they reviewed her property, and Vo did not present any evidence to the contrary. This negates the possibility that Vo's grievances or complaints could have been a motivating factor in their actions. Ambrose v. Twp. of Robinson, 303 F.3d 488, 493 (3d Cir. 2002) (explaining that "[i]t is only intuitive that for protected conduct to be a substantial or motiving factor in a decision, the decisionmakers must be aware of the protected conduct"). Moreover, McCurdy and Zakostelecky established that they would made the same decision to confiscate Vo's property regardless of her grievances because she had more property than was allowed by the prison's policies. Watson, 834 F.3d at 422 (even if the plaintiff establishes a prima facie case of retaliation, prison officials may still prevail if they establish that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest).

Finally, the District Court properly granted summary judgment in favor of defendants on Vo's free exercise claim.[2] "Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of

---

[2] To the extent that Vo's religious rights claim fell within the purview of RLUIPA, it was properly dismissed, as RLUIPA does not permit actions against state officials in their individual capacities, nor have the states consented to waive their sovereign immunity with respect to RLUIPA suits for damages against State employees in their official capacities. Sharp v. Johnson, 669 F.3d 144, 153, 155 (3d Cir. 2012).

religion." O'Lone v. Est. of Shabazz, 482 U.S. 342, 348 (1987) (citation omitted). However, an inmate only "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974).

Vo's prayer beads were confiscated pursuant to a prison policy providing that "[h]omemade or other unauthorized sacred objects are not permitted and shall be confiscated." DC-ADM 819 § 3(A)(1)(j). In her complaint and other filings, Vo's claim centered not on the reasonableness of the prison's policy,[3] but on the application of the policy to her prayer beads, which she maintained were not homemade and thus not subject to confiscation.

While Vo alleged that her prayer beads were not homemade, she did not present any evidence to support that contention. Unsubstantiated allegations are not evidence of asserted facts. See Bell v. United Princeton Properties, Inc., 884 F.2d 713, 720 (3d Cir. 1989). By contrast, defendants presented an affidavit attesting that the prayer beads confiscated from Vo's property were homemade from wooden craft beads strung on a piece of floss and were therefore prohibited under the prison's policy. Thus, the District Court properly found no genuine issue of material fact regarding whether the prayer beads were homemade.

Vo also asserted that her prayer beads fell under the following exceptions:

---

[3] To the extent that Vo raised the issue of reasonableness, we discern no error in the District Court's weighing of the factors set forth in Turner v. Safley, 482 U.S. 78, 89–90 (1987), and conclusion that the prison's policy was reasonable.

a. An inmate will be permitted to keep no-longer-permitted items, as long as the item(s) were noted on the inmate's DC-153, Personal Property Inventory Form as of the effective date of the previous DC-ADM 815, dated May 12, 2008.

b. When an inmate transfers to a facility that does not permit an item previously approved at another facility, the inmate will be permitted to keep the item, as long as the item is noted on the inmate's DC-153 as noted above[.][4]

See DC-ADM 815 § 2(6)(a-b); see also DC-ADM 819 § 3(A)(1)(d) (providing that an inmate may retain sacred objects previously approved before March 27, 2007).

While Vo alleged that she had possessed the prayer beads for 21 years, she only presented evidence to support that she had possessed them since 2010 when she was transferred into the SCI – Cambridge Springs. Because Vo failed to present DC-153 forms noting that she possessed the prayer beads as of May 12, 2008, as required by DC-ADM 815 § 2(6)(a) and (b), there was no genuine factual dispute regarding whether the prayer beads fell within the exceptions. Therefore, the District Court properly granted summary judgment in favor of defendants.[5]

---

[4] The District Court appears to have read subsection (b) to apply only to property inventoried on DC-153 forms as of May 12, 2008, as outlined in subsection (a). This is consistent with the plain language of the policy, as subsection (b) refers to the "DC-153 *as noted above*" (emphasis added). See Downey v. Pennsylvania Dep't of Corr., 968 F.3d 299, 306 (3d Cir. 2020) (analyzing a prison's policy by looking to its plain language).

[5] The District Court earlier dismissed with prejudice several claims raised in Vo's initial complaint, including a due process claim, an Eighth Amendment claim, and all claims against Wetzel. The claims against Wetzel were properly dismissed because he lacked personal involvement, see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988), as were the due process claim, see Tillman v. Lebanon Cty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000) (the use of a prison's grievance system is an adequate post-deprivation remedy) and the Eighth Amendment claim, see Farmer v. Brennan, 511 U.S. 825, 834 (1994) (to succeed on a claim under the Eighth Amendment, a prisoner must show that she has been deprived of the minimal civilized measure of life's necessities).

IV.

Accordingly, we will affirm the judgment of the District Court.  <u>See</u> 3d Cir. LAR 27.4; I.O.P. 10.6.