

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-16-2008

# Cecero v. Allstate Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4740

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Cecero v. Allstate Ins Co" (2008). *2008 Decisions.* Paper 104.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/104

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4740
_____

PETER CECERO, AS ADMINISTRATOR OF THE ESTATE
OF PASQUALINA CECERO,


v.


ALLSTATE INSURANCE CO.,

*Appellant*.


On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(Civ. No. 06-286)
District Court Judge: Honorable Clifford Scott Green, Honorable John R. Padova
_____

Argued on November 20, 2008
_____

Before: FUENTES, HARDIMAN and GARTH, Circuit Judges,
(Opinion Filed: December 16, 2008)


Allan D. Goulding, Jr., Esq. (**Argued**)
Curtin & Heefner, LLP
250 North Pennsylvania Avenue
P.O. Box 217
Morrisville, PA 19067
      Attorney for Defendant/Appellant

Robert B. Ponziano, Esq. (**Argued**)
Law Office of Robert B. Ponziano
118 N. State Street
Newtown, PA 18940
      Attorney for Plaintiff/Appellee

_____

**OPINION**
_____

GARTH, *Circuit Judge*:

Appellant Allstate Insurance Company ("Allstate") appeals from the December 3, 2007 order of the United States District Court for the Eastern District of Pennsylvania denying its post-trial motions for judgment as a matter of law and for a new trial. Among other rulings, Allstate challenges a ruling of the trial judge which removed its principal defense from the jury's consideration. We have jurisdiction under 28 U.S.C. § 1291. We will vacate the District Court's order and remand for a new trial.

I.

The late Pasqualina Cecero, now represented by her administrator ("Cecero"), was the owner of a single-family dwelling in Feasterville, Pennsylvania. The home was heated by oil supplied by a company called Hollywood Oil ("Hollywood") and was covered by an Allstate Homeowner's Insurance Policy (the "Allstate Policy").[1]

Cecero lived in the house until August 2004 when she was hospitalized for two-

_____

[1] Pasqualina Cecero was the named insured on the Allstate Policy.

and-a-half weeks. After a time in rehabilitation, Cecero went to live with her son Peter Cecero ("Peter").[2] Two months later, Cecero moved to an assisted living facility. In February of 2005, Cecero was admitted to the hospital again, and on March 10, 2005, she was sent to a nursing facility. In October 2006, Cecero died without ever returning to her house. At all relevant times, no one was living in her house.

On April 7, 2005, it was discovered that Cecero's home had sustained water damage from a broken pipe that supplied water to the dishwasher. Allstate conducted an investigation and determined that the house had been unoccupied for eight months, the thermostat had been disconnected, Hollywood had not performed annual maintenance during the winter of 2004-2005, and Peter did not check the oil tank levels. Allstate later discovered that the oil tank was nearly full and contained six inches of water, which could have rendered the furnace inoperable.

Consequently Allstate denied coverage stating that the broken pipe had frozen due to a lack of reasonable care to maintain heat in the unoccupied house. The relevant exclusion in the Allstate Policy denied coverage for damage caused by freezing of pipes or overflow from appliances caused by freezing "while the building or structure is vacant, unoccupied, or being constructed unless you have used reasonable care to: a) maintain heat in the building or structure . . . ." (hereinafter "the Occupancy/Heat Exclusion")(the other exception in the Occupancy/Heat Exclusion is not relevant to the Cecero claim).

---

[2] Peter became his mother's guardian based on a Power of Attorney in September, 2004.

3

Cecero sued Allstate for breach of contract and bad faith. Allstate defended that the Occupancy/Heat Exclusion barred coverage. Allstate also counterclaimed on the basis that a fraud-based exclusion excluded coverage because Cecero allegedly had not been forthright as to the timing of the loss, the upkeep of the house, and when she had lived there.[3]

After the parties presented their evidence, and prior to instructing the jury, the District Court ruled as a matter of law that the water damage was covered by the Allstate Policy. The District Court found that reasonable care to maintain heat had been used and that the Occupancy/Heat Exclusion did not exclude coverage. The jury subsequently awarded Cecero $227,000 and found in favor of Cecero on Allstate's counterclaim.

Allstate filed post-trial motions arguing that the District Court erred in ruling, as a matter of law, that there was insurance coverage, and that the Court improperly removed the Occupancy/Heat Exclusion from the jury's consideration.

Allstate also argued that District Court Judge Green erred in not recusing himself and in denying a mistrial after Cecero's counsel, Mr. Ponziano, engaged in allegedly inappropriate ex parte communications with the District Court.[4]

---

[3] The District Court granted judgment as a matter of law on Cecero's bad faith claim. Cecero did not appeal.

[4] District Court Judge Green disclosed the situation on the record and granted an opportunity for comment, but all counsel declined any further discussion of the matter. Allstate did not move for District Court Judge Green to recuse himself, nor did Allstate move for a mistrial.

4

District Court Judge Padova, to whom the case was transferred after the untimely passing of District Court Judge Green, denied Allstate's post-trial motions by order and opinion dated December 3, 2007. Allstate timely appealed.

## II.

At trial, District Court Judge Green had stated:

> Under [the Occupancy/Heat Exclusion], I do not believe that there is evidence from which a jury could find that coverage is not provided for this house at the time.
> First given the circumstances . . . it is clear to me that the only evidence here has to be that when recovered from her disability, that the insured intended to return to the building. There is evidence, of course, the evidence is clear that she intended to maintain heat in the building. The gentleman from Hollywood has testified that they annually supplied oil, that oil had been supplied this year, that they had had the thermostat or thermostats maintained in an attempt to balance the heating demands of husband and wife when they were there, and under those circumstances, it seems to me that they have done that which is reasonable.
> . . .
> But certainly [the loss] occurred by a reason other than any failure on the part of the insured to properly maintain the building. Even if it had resulted . . . in January or February, it seems to me that you would have a covered loss. . . . [T]here has been no failure on the part of the insured to keep the property heated, heat's been provided under every – under all the evidence, heat has been provided. There is reasonable care to continue to maintain the heat, and accordingly I would find that the loss is a covered loss, and not one which is excluded by policy.

District Court Judge Green then instructed the jury that a covered occurrence had

5

taken place,[5] but that the jury was to consider damages, the fraud counterclaim, and the fraud exclusion defense. The jury was not instructed to consider the Occupancy/Heat Exclusion. The District Court thus granted, in part, Cecero's trial motion for judgment as a matter of law.

"We exercise plenary review of an order granting or denying a motion for judgment as a matter of law and apply the same standard as the district court. Such a motion should be granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." Ambrose v. Twp. of Robinson, 303 F.3d 488, 492 (3d Cir. 2002)(internal citations omitted).

Viewing the evidence in the light most favorable to Allstate, we hold that the District Court erred because Allstate presented sufficient contradictory evidence on reasonable care to create a jury question. "The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." Id. at 493 (citation and quotation marks omitted).

When the District Court ruled on reasonable care, it focused only on two pieces of evidence proffered by Cecero: that Hollywood had delivered oil, and that the thermostats

---

[5] We find unpersuasive Cecero's argument that the District Court merely held that the house, itself, was covered for water damage, but that the coverage of *this particular* water damage was still up to the jury. The record is clear that this is not the case.

had been maintained.[6] Peter testified that he checked the thermostat, which read 62 degrees, but he was not aware that the analog thermostat had been replaced by a digital one. Cross-examination revealed that Peter did not check the oil tank levels. The oil tank was nearly full, and water that had formed at the bottom of the tank could have shut down the house's heating system. This evidence calls into question whether and how often the Cecero family checked the temperature in the house. The contract with Hollywood also included an annual maintenance check-up on the heating system, which Peter admits he did not arrange in 2004.

Various witnesses disagreed as to the cause of the loss. A major contention at trial was whether the loss was caused by a spontaneous failure of the pipe or whether it was caused by freezing, as Allstate contended. Allstate's investigator, Mr. Seeley, explained his belief that the loss was caused by freezing.[7] Cecero's witness, Mr. Frederick, testified that he believed the loss was caused by spontaneous breakage from an external force or a

---

[6] The District Court did not even mention the Cecero family's alleged frequent visits to the home, the neighbor's testimony that he saw the family there often, or Peter's testimony that the thermostat was always in the 60-degree range.

[7] Seeley opined that the pipe breakage was caused by freezing temperatures and a lack of heat in the house, and that the initial water damage must have been caused earlier than April, 2005. The water he discovered in the oil tank would have shut off the oil burner, which would disable the furnace and cut off heat to the house, thus causing the pipe to freeze during a "cold snap" in January 2005.

Correlating this data to an increase in electrical bill costs starting in January and lasting until August, Seeley noted that if there had been a pipe failure around January (caused by freezing), the electric water heater would have continuously run in order to maintain temperatures to compensate for a constant outflow of water. The continuous running of the water heater would explain the higher energy bills.

defective pipe. He testified that the loss was not caused by freezing.

The District Court's finding of reasonable care resolved the causation issue. The District Court found that reasonable care had been used. Because there was ample conflicting evidence from which a reasonable jury could have decided that reasonable care <u>had</u> <u>not</u> been used, the District Court should have allowed the jury to decide the reasonable care issue and the causation question in the context of the Occupancy/Heat Exclusion. We will remand for a new trial.

### III.

Allstate also argues that we should grant a new trial because District Court Judge Green did not recuse himself or declare a mistrial after Cecero's counsel, Mr. Ponziano, engaged in allegedly inappropriate <u>ex</u> <u>parte</u> communications with the District Court. <u>See</u> note 4, <u>supra</u>. We are not persuaded by Allstate's argument.

We will vacate the December 3, 2007 judgment of the District Court and remand for a new trial.