**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3836
_____

CHRISTINE PERNA,

Appellant

v.

TOWNSHIP OF MONTCLAIR; TOWNSHIP OF MONTCLAIR COUNCIL; ED REMSEN, Individually and under color of State law as Mayor for the Township of Montclair; TED MATTOX, Individually and under color of State law as a member of the council for the Township of Montclair; JOYCE R. MICHAELSON, Individually and under color of State law as a member of the council for the Township of Montclair; GERALD C. TOBIN, Individually and under color of State law as a member of the council for the Township of Montclair; ROBIN SCHLAGER, Individually and under color of State law as a member of the council for the Township of Montclair; JEROLD FREIER, Individually and under color of State law as a member of the council for the Township of Montclair; SANDRA LANG, Individually and under color of State law as a member of the council for the Township of Montclair; JOSEPH M. HARNETT, Individually and under color of State law as Township Manager for the Township of Montclair; XYZ CORP/ENTITIES (1-10); JOHN AND JANE DOES (1-100)
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-05-cv-04464
District Judge: The Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 27, 2011

Before: McKEE, *Chief Judge*, and SMITH, *Circuit Judges,*

and STEARNS, *District Judge*[*]

(Filed: February 2, 2011)

-----

OPINION

-----

STEARNS, *District Judge.*

Christine Perna brought claims of First Amendment retaliation and municipal liability under the Federal Civil Rights Act, 42 U.S.C. §1983, against the Township of Montclair, the members of the Township Council, and Joseph M. Harnett, the Township Manager, based on their decision to terminate her twenty-one years of employment with the Township.[1] On August 26, 2009, the District Court granted defendants' motion for summary judgment and dismissed Perna's remaining claims against Harnett and the Township.[2] On September 25, 2009, Perna filed a timely notice of appeal. We have jurisdiction over her appeal pursuant to 28 U.S.C. § 1291. We review *de novo* the allowance of a motion for summary judgment. *Stratechuk v. Bd. of Educ., S. Orange-Maplewood Sch. Dist.*, 587 F.3d 597, 603 (3d Cir. 2009), citing *Pichler v. UNITE*, 542 F.3d 380, 385 (3d Cir. 2008). For essentially the reasons stated in the District Court's careful and comprehensive opinion, we will affirm the grant of

-----

[*] The Honorable Richard G. Stearns, United States District Judge for the United States District Court of Massachusetts, sitting by designation.

[1] Perna was hired by the Township as a clerk in 1984. At the time of her termination, she was working in the Township's Law Department as a legal secretary.

[2] On September 27, 2006, Judge Linares granted a motion to dismiss Perna's claims for failure to train and for violations of the New Jersey Law Against Discrimination. Perna does not appeal this earlier dismissal.

summary judgment.

Perna alleges that her employment in the Township's Law Department was terminated because of her union-related activities. In 2003, after the Township decided against giving annual salary increases to nonunion Township employees earning in excess of $60,000 per year, Perna and other affected employees sought to join Local 1040 of the Communications Workers of America (Union). Perna states that she was indirectly encouraged by Harnett, who had been recently hired as the Township Manager, to forgo Union membership in order to be eligible for a promotion or other elevation of job status. Perna claims that when she complied, she was terminated. (The "encouragement" is alleged to have been conveyed through a Union representative who was negotiating the job classifications that would be covered by any bargaining agreement with the Township). The Township, for its part, maintains that Perna's position was eliminated as part of a cost-saving plan implemented by Harnett in 2004 that led to a net reduction of eight Township employee positions. Among the jobs eliminated was Perna's position in the Law Department.[3]

The decision to abolish Perna's position had its origins in a proposed restructuring of the Law Department crafted by Alan Trembulak, the eventually successful candidate for the position of (part-time) Township Attorney. Trembulak recommended reorganizing the Law Department by adding a part-time Assistant Township Attorney. Perna's $64,995 salary was to be apportioned between the new Assistant Attorney and a part-time, lower-paid secretary.

---

[3] The Township also argues that Perna's "confidential" position as a legal secretary made her ineligible for Union membership in any event.

Trembulak, when he made the proposal, did not know that Perna had been an active supporter of the Union.

Under *Ambrose v. Twp. of Robinson, Pa.*, 303 F.3d 488, 493 (3rd Cir. 2002), we apply a three-part test to analyze whether a public employee who alleges retaliation for her exercise of First Amendment rights has set out a *prima facie* case. A plaintiff must show that she engaged in a protected activity, and that the activity was a substantial or motivating cause of her termination. The burden then shifts to the employer to demonstrate that the adverse employment action would have taken place despite the protected conduct. *Id.* While awards of summary judgment are as rare as hen's teeth in First Amendment retaliation cases, we will affirm such an award where a plaintiff does not produce sufficient evidence to shift the burden of persuasion to defendants.

That an employee's right to pursue affiliation with a Union is protected by the First Amendment is beyond cavil. *See Pickering v. Bd. of Educ.*, 391 U.S. 563, 574-575 (1968); *Shelton v. Tucker*, 364 U.S. 479, 485-486 (1960). Although the Township disagrees, the District Court found sufficient evidence creating a material dispute of fact as to Harnett's knowledge of Perna's Union activity (imputable to the Township), a determination with which we have no reason to quarrel.

Perna's evidence that her termination came in retaliation for her Union activities consists principally of the testimony of Ted Mattox, a Township Council member. Mattox stated in his deposition that he did not see any financial benefit in the elimination of Perna's position, and that the Council had discussed the fact that "it would be easy to get rid of Perna

4

because she wasn't in the Union." Appellant Br. at 4. Perna contends that this statement "clearly shows that defendants were motivated by [her] Union involvement when they made the decision to eliminate her position." *Id.* at 5. She also claims that Harnett endorsed the view that "when someone is a member of the Union and you want to terminate that position, there may be bumping and seniority procedures." *Id.* at 23.

The District Court, however, determined that Harnett's alleged knowledge of Perna's Union involvement, even when coupled with Mattox's testimony, did not bridge the causation prong of the *Ambrose* test. Almost two years separated the last of Perna's Union activities from her termination, acutely undermining her argument of a causal link between the two. "[A]lthough 'mere passage of time is not legally conclusive proof against retaliation,' we have indicated that the passage of an extended period of time between protected activity and an alleged retaliatory action weighs against a finding of a causal link where there is no evidence of retaliatory animus during the intervening period." *Shaner v. Synthes,* 204 F.3d 494, 505 (3d Cir. 2000), (quoting *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 503-504 (3d Cir. 1997)). Here, the two-year hiatus, combined with the fact that the proposal to eliminate Perna's position originated with Trembulak, who was unaware of Perna's Union activities, leads us to conclude that the District Court's finding on the causation prong of *Ambrose* was correct.[4]

---

[4] We need not address defendants' alternative argument that they have satisfied their burden under *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977), in showing that "the same adverse action would have taken place in the absence of the protected conduct." *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005).

For this reason, the District Court's decision to award summary judgment will be affirmed.