DLD-276                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2960
_____

THOMAS FIELDS,
                    Appellant

v.

SEPTA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 10-cv-02868)
District Judge:  Honorable William H. Yohn, Jr.
_____

Submitted for Possible  Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
August 25, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>.

(Filed: September 21, 2011 )
_____

OPINION
_____

PER CURIAM

        Thomas Fields, proceeding <u>pro</u> <u>se</u>, appeals an order of the United States District

Court for the Eastern District of Pennsylvania granting summary judgment in favor of

Southeastern Pennsylvania Transportation Authority ("SEPTA") in his employment

discrimination action. For the reasons that follow, we will affirm the judgment of the District Court.

Fields, who is African-American, worked as a track laborer for SEPTA. Fields and his co-employee, Anthony Squitiere, had a verbal altercation at work. SEPTA fired both men for violating SEPTA's zero tolerance policy against violence in the work place. At the time of the altercation, Fields had worked for SEPTA for less than three months and was a probationary employee. Squitiere, however, was a union member who had worked for SEPTA for several years. Squitiere filed a grievance through the union and ultimately had his position reinstated.

Fields filed a lawsuit against SEPTA in District Court pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17, claiming racial discrimination based on the fact that Squitiere, who is Caucasian, was reinstated and he was not. The District Court granted SEPTA's motion for summary judgment. The District Court decided that Fields had failed to establish a prima facie case of discrimination because he and Squitiere were not similarly situated and there were no circumstances giving rise to an inference of unlawful discrimination. This appeal followed.

Under the burden-shifting framework established in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973), a plaintiff bringing an employment discrimination claim under Title VII has the initial burden to establish a prima facie case of discrimination. Jones v. School Dist. of Philadelphia, 198 F.3d 403, 410 (3d Cir. 1999). A plaintiff must show (1) he is a member of a protected class; (2) he was

2

qualified for his position; (3) he was subjected to an adverse employment action; and (4) the action was taken under circumstances giving rise to an inference of unlawful discrimination. See id. at 410-11.

We agree with the District Court that Fields failed to show circumstances giving rise to an inference of unlawful discrimination. The record reflects that SEPTA terminated both Fields and Squitiere based on their violations of its policy against work place violence. Fields and Squitiere were not similarly situated because Fields was a probationary employee at the time of the altercation and Squitiere was a union member with the ability to use the grievance process. Squitiere's discharge was upheld at his first level grievance hearing. He was reinstated at a second level hearing based on his clean work record and progressive discipline was imposed. Absent any evidence giving rise to an inference of unlawful discrimination, the District Court did not err in entering summary judgment for SEPTA on Fields' claim of racial discrimination.[1]

Accordingly, because this appeal does not raise a substantial question, we will affirm the judgment of the District Court.

_____

[1] Fields also appears to assert in a statement attached to his complaint that he was terminated in retaliation for indicating that he wished to pursue criminal assault charges against Squitiere. SEPTA did not address this assertion in its summary judgment motion. To the extent Fields asserts a First Amendment retaliation claim, such a claim fails as a matter of law because Fields did not engage in constitutionally protected conduct. Fields states that he asked his foreman for a written report of the incident and he was told that if he pursued the matter further he would be fired. Fields does not state that he in fact pursued criminal charges against Squitiere. See Ambrose v. Township of Robinson, 303 F.3d 488, 493 (2002) (holding First Amendment claim requires actual protected conduct).