**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4082
_____

KEVIN SIMPSON

v.

BETTEROADS ASPHALT CORPORATION,

Appellant

_____

On Appeal from the District Court
of the Virgin Islands
(D.C. No. 1-11-cv-00056)
District Judge: Hon. Wilma A. Lewis, Chief Judge

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 8, 2014
_____

Before:  CHAGARES, JORDAN, and SHWARTZ, Circuit Judges.
_____

OPINION*
_____

CHAGARES, Circuit Judge.

Betteroads Asphalt Corporation ("Betteroads") appeals the judgment in favor of

plaintiff Kevin Simpson and the District Court's denial of its motions for judgment as a

matter of law and for a new trial.  For the reasons that follow, we will affirm.

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

I.

We write exclusively for the parties and therefore set forth only those facts that are necessary to our disposition. On May 21, 2010, plaintiff Kevin Simpson was working as a laborer for NR Electric on the Christiansted By-Pass Construction in St. Croix, United States Virgin Islands, a Federal Highway Project. Defendant Betteroads was the general contractor on the project and NR Electric was one of several sub-contractors working on the project. NR Electric's role on the project included installing conduits for electrical wiring. This involved excavating a trench, setting the conduits in the trench on a soil base, and covering the conduits with another layer of material. Then, the material removed from the trench during excavation was placed back on the trench, raked, leveled, and compacted.

On the date in question, Simpson testified that he was operating a walk-behind compactor in a partially refilled trench. He testified that during the process of compacting, the machine struck a rock buried in the material, causing the handle of the compactor to buck up and down. Joint Appendix ("J.A.") 409–12. He alleges that this caused him to move in a way that injured his back. Simpson eventually underwent back surgery. He brought this negligence action to recover damages against Betteroads.

At trial, Ashfield Skepple, Simpson's supervisor at NR Electric, disputed Simpson's account of the day, but testified that he was not present at the work site when Simpson's accident allegedly occurred. Betteroads's liability expert testified that it was improbable that the accident occurred as described by Simpson. J.A. 718–21. Additionally, an orthopedic surgeon retained by Betteroads's counsel testified that he did

2

not believe the alleged accident was the sole cause of Simpson's back condition. J.A. 649.

After trial, the jury returned a verdict in favor of Simpson, finding by a preponderance of the evidence that Betteroads retained control over the manner in which NR Electric's work was performed, that Betteroads's negligence was a cause of physical harm to Simpson, and that Simpson was not negligent. J.A. 9–11. The jury awarded Simpson $900,000 dollars. J.A. 11.

Betteroads moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) and for a new trial under Rule 59. The District Court found that evidence was presented at trial that gave the jury a legally sufficient basis for determining that Simpson had proven the elements of his negligence claim, and thus denied the motion under Rule 50(b). J.A. 76. As the jury's verdict was not against the great weight of the evidence, the District Court also denied the motion under Rule 59. Id. However, the District Court determined that a portion of the jury's award for pain, suffering, and loss of enjoyment of life was unsupported by the evidence and thus ordered a new trial on damages unless Simpson remitted $340,833.77 of the jury award, accepting a total judgment in the amount of $559,166.23. Id. Simpson accepted the remittitur.

Betteroads timely appealed.

II.[1]

---

[1] The District Court had jurisdiction pursuant to 48 U.S.C. § 1612 and 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We note the standards of review with regard to each claim below.

Betteroads argues that (a) the judgment was not supported by the evidence; (b) it could not be held liable; (c) the award of damages was improper; (d) the District Court erred by denying its motion for judgment as a matter of law; and (e) that the District Court should have declared a mistrial due to an inconsistent verdict.

A.

Betteroads first attempts to set aside the jury's verdict on the grounds that it was not supported by the evidence, it could not be held liable, and the award of damages was improper.[2] "A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." Cavazos v. Smith, 132 S. Ct. 2, 4 (2011). Here, Simpson alleged that Betteroads's negligence led to the accident that caused his back injury. Under the Third Restatement of Torts, there are five elements of a prima facie case for negligently caused physical harm: (1) duty; (2) failure to exercise reasonable care; (3) factual cause; (4) physical harm; and (5) harm within the scope of liability (sometimes called proximate cause). Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 6 cmt. b.[3]

Here, as the District Court outlined in its order denying Betteroads's motions for judgment as a matter of law and for a new trial, J.A. 55–65, Simpson presented evidence on each of these elements, including on the extent to which Betteroads exercised control

---

[2] Nor did the District Court commit a "manifest abuse of discretion," Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 354 (3d Cir. 2001), by remitting the jury's initial damages award to $559,166.23 in light of the evidence introduced at trial. See, e.g., Keenan v. City of Phila., 983 F.2d 459, 469 (3d Cir. 1992) (affirming compensatory award because "[g]iven our standard of review and the evidence produced at trial, we cannot conclude that the compensatory damages were so grossly excessive as to shock our judicial conscience.")

[3] The parties do not dispute that the Restatement (Third) sets forth the elements of a negligence claim for purposes of this case.

4

over some of the work it had delegated to NR Electric. While Betteroads presented contrary evidence on each element, this evidence was not conclusive and thus Betteroads has failed to meet the high standard required to set aside the jury's verdict on any of the grounds asserted.

B.

Betteroads next appeals the denial of its motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b). "'We exercise plenary review of an order granting or denying a motion for judgment as a matter of law and apply the same standard as the district court.'" Ambrose v. Twp. of Robinson, Pa., 303 F.3d 488, 492 (3d Cir. 2002) (quoting Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1166 (3d Cir. 1993)). "In determining whether the evidence is sufficient to sustain liability, the court may not weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version." Id.

As above, Simpson presented evidence on each of the elements required to establish his negligence claim. While Betteroads provided conflicting evidence, its evidence did not conclusively rebut Simpson's testimony and other evidence. It was the role of the jury to determine the credibility of the witnesses presenting conflicting testimony regarding Betteroads's role at the work site, the alleged accident, and the existence and cause of Simpson's injury. We agree with the District Court's determination that Simpson presented sufficient evidence to sustain liability and will affirm the District Court's denial of Betteroads's motion for judgment as a matter of law.

C.

Finally, Betteroads asserts that the District Court should have declared a mistrial and granted its motion for a new trial based on what it characterizes as an inconsistent verdict. When the jury first returned its verdict, it determined in question 2 of the jury verdict form that Betteroads had been negligent and did not answer question 4, which asked the jury to determine the percentages of negligence attributable to Betteroads and to Simpson if the jury found that both were liable. J.A. 10. The jury awarded $900,000 to Simpson in question 5 of the form, but then reduced that amount to $810,000 in response to question 6, which asked the jury to reduce any amount of damages in question 5 by any percentage of negligence attributed to Simpson. Betteroads requested a mistrial at side-bar in light of these inconsistencies. The District Court denied this request and instead asked the jury to resume deliberations to address the inconsistencies. J.A. 929.

The jury then returned a second time and an inconsistency remained between their answer to question 3, asking the jury to determine whether Simpson was negligent, and question 6. Betteroads again requested a mistrial, but the District Court denied this request and asked the jury to return to deliberations. J.A. 934, 936. The jury returned a third time with the form complete and consistent, having crossed out the reduced damages award of $810,000 in response to question 6. J.A. 11, 938. This left the total damages award at $900,000.

Betteroads asserts that the verdict was inconsistent and that the District Court erred by failing to order a new trial. While it is true that the jury failed to follow the verdict form's instructions until it returned from deliberations the third and final time, its

6

final verdict form is consistent. The jury found that Betteroads was negligent, that Simpson was not negligent, that 100% of negligence could be attributed to Betteroads, and that Simpson was entitled to $900,000. J.A. 9–11.

Further, Betteroads cites no authority that suggests the District Court erred by sending the jury back to deliberate so that they could complete the form according to the listed directions. Federal Rule of Civil Procedure 49(b)(4) provides that, "[w]hen the answers [to written questions on a jury verdict form] are inconsistent with each other and one or more is also inconsistent with the general verdict, judgment must not be entered; instead, the court must direct the jury to further consider its answers and verdict, or must order a new trial." Here, the District Court opted to direct the jury to further consider its answers instead of ordering a new trial.[4] The jury was able to correct the inconsistencies in its responses, leaving nothing for the District Court to resolve itself. This was not error, and thus we will affirm the decision of the District Court to deny Betteroads's motion for a new trial.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[4] We need not reach the issue of whether the form was a special verdict under Federal Rule of Civil Procedure 49(a) or a general verdict with special interrogatories under Rule 49(b) as, under either category, the District Court had the discretion to send the inconsistent responses back to the jury for resolution.