**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4566
_____

STEPHEN WEIL,
Appellant

v.

DR. DAVID L. WHITE; WALT EISENHAUER; ANNA MAE SMITH;
JOHN LEFFERT; DR. MICHAEL GREENBERG; DR. DEBORAH ERICKSON;
LANE BOWER; MARY ROSE-COLLEY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-12-cv-00413)
District Judge:  Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 16, 2015
Before:  FISHER, SHWARTZ and COWEN, Circuit Judges

(Opinion filed:  November 17, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Stephen Weil appeals the District Court's grant of summary judgment on his First Amendment retaliation claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We will affirm.

We write solely for the parties and therefore recite only those facts that are necessary to our disposition. Weil was a student in the Physician Assistant ("PA") program at Lock Haven University ("LHU"). To graduate, Weil was required to successfully complete a preceptorship—a period of clinical training in a physician-supervised practice. Weil was assigned to complete his preceptorship at Clinton Medical Associates ("CMA"), a privately owned medical practice. Weil's preceptor was Dr. Michael Greenberg. Dr. Greenberg is the president and CEO of CMA, as well as the Medical Director for LHU's PA program.

During the first week of Weil's preceptorship, Weil met with defendant Leffert, a faculty member at LHU, to discuss his experience at the preceptorship. At this meeting, Weil said he had some "general ethical concerns" about his rotation at CMA. Weil did not elaborate, but later alleged that he was referring to instances where CMA employees created billing entries that he thought were designed to mislead insurers. Mid-way through Weil's second week at CMA, Nadine McGraw, a Physician Assistant at CMA, emailed LHU faculty members stating that Weil would no longer be permitted to see patients at CMA because she had concerns about his behavior and competence. McGraw stated that Weil had been rude to her; "diagnosed" patients without his preceptor's approval, causing unnecessary stress and alarm; frequently came in late, left early, and

2

requested time off; and was unwilling to work and had a poor attitude. Several days later, Weil was dismissed from CMA.

Three weeks later, Weil met with the majority of the PA Program faculty. The faculty presented Weil with a behavioral contract, which was prepared by the faculty, specified his unprofessional behavior during his rotation at CMA, stated that he would receive a grade of "E" for the preceptorship-practicum course, and set forth multiple conditions for his continuation in the PA program. Weil refused to sign the contract. Instead, two months later, Weil filed an application for graduation, which was denied, in part, because he had not passed the preceptorship-practicum course.

Weil later appealed his grade of "E" for the practicum course. Weil's grade-appeal was denied by a faculty member, and then by the Department Chair. Weil then appealed to the interim Dean for the College of Education and Human Services, alleging that he witnessed three instances where Dr. Greenberg and/or McGraw created billing entries designed to mislead insurers, and that he was dismissed from CMA several days after he reported his ethical concerns to Leffert. The interim Dean denied Weil's grade appeal.

Weil then appealed his grade to the Provost and Vice-President of Academic Affairs, who granted his appeal and changed his grade from an "E" to an "Incomplete" on a temporary basis. Weil was informed that he could re-enroll in the PA program without paying tuition for the semester. He was told, however, that before he could begin the preceptorship and graduate, he would-be required to complete a comprehensive written

examination and a practical physical examination. Weil failed the practical examination. He was offered a chance to re-take it and was warned that if he failed a second time, he would be dismissed from the program. Weil failed the re-examination and was dismissed from the PA Program. Weil unsuccessfully appealed his dismissal to the Provost.

Weil then filed suit under 42 U.S.C. § 1983.[1] He named as defendants Dr. Greenberg and several members of the LHU faculty. Weil claimed that the defendants violated his First Amendment rights by retaliating against him for speaking out about the fraudulent billing practices he observed at CMA. Weil alleged that these defendants engaged in fourteen separate acts of retaliation, including: "denying him the minimum due process required for conduct code violations"; allowing Dr. Greenberg's employees to investigate Weil's allegations of billing fraud; preparing a behavior contract; asking Weil to sign it; dismissing him from the CMA preceptorship; providing him with erroneous information regarding his grade appeal; ignoring his requests for his education records; subjecting him to atypical testing requirements; determining that he failed the practical examination; using the same proctor to administer his second practical examination, in apparent violation of the student handbook; failing to provide immediate feedback for his practical examinations; providing him with "misleading information" regarding his performance on the practical examinations; dismissing him after he failed

_____

[1] His complaint also stated claims under §§ 1985 and 1986. Weil voluntarily withdrew those claims.

4

both practical examinations without allowing him to take a third practical examination; and by "conspiring together to prevent the release of damaging information about LHU."

The defendants moved for summary judgment, which the District Court granted. The District Court concluded that neither CMA[2] nor Dr. Greenberg were state actors with regard to any action involving Weil's dismissal from CMA. The District Court also found that providing Weil with erroneous information regarding his appeal was not an adverse action sufficient to support a retaliation claim under the First Amendment. In addition, the District Court concluded that the record did not support Weil's contention that there was a causal connection between defendants' actions and his speech.[3]

We review a grant of summary judgment de novo, using the same standard a district court would apply. Shelton v. Bledsoe, 775 F.3d 554, 559 (3d Cir. 2015). We draw all justifiable inferences in favor of the non-moving party. Montone v. City of Jersey City, 709 F.3d 181, 191 (3d Cir. 2013) (citation omitted). Summary judgment should be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To make out a retaliation claim, Weil was required to point to evidence showing that: (1) he engaged in protected activity, (2) he was subjected to adverse actions by a state actor, and (3) there was a causal connection between the protected First Amendment

---

[2] Weil did not name CMA as a defendant.
[3] The District Court also determined that because Weil was not punished for a disciplinary violation, he was not entitled to the due process protections set forth in the regulations of the Pennsylvania State System of Education for Student Disciplinary Due

speech and the retaliation. <u>Lauren W. v. Deflaminis</u>, 480 F.3d 259, 267 (3d Cir. 2007). Even if these elements were met, the defendants, we note, could defeat Weil's claims of retaliation "by showing that [they] would have taken the same action even if the plaintiff had not engaged in the protected activity." <u>Id.</u> The District Court rejected all of Weil's claims in a comprehensive and well-reasoned opinion, with which we substantially agree. We offer the following amplification about a few of Weil's claims.

## I. Weil's Dismissal from CMA

Dr. Greenberg was entitled to summary judgment on this claim because there is no evidence that he knew of Weil's speech before Weil was dismissed from CMA.[4] Dr. Greenberg averred that he was unaware that Weil believed anything unethical was occurring at CMA before he was dismissed from the rotation. "It is only intuitive that for protected conduct to be a substantial or motiv[at]ing factor in a decision, the decisionmakers must be aware of the protected conduct." <u>Ambrose v. Township of Robinson, Pennsylvania</u>, 303 F.3d 488, 493 (3d Cir. 2002). Weil does not claim that he raised his concerns with Dr. Greenberg. Instead, Weil argues that he was dismissed because he told Leffert about his general concerns[5] and speculates that Dr. Greenberg

---

Process Requirements, or LHU's student code of conduct. We agree.

[4] It is undisputed that McGraw made the decision to dismiss Weil from CMA, which Dr. Greenberg supported. We focus our discussion on Dr. Greenberg as McGraw was not named as a defendant.

[5] In his deposition, Weil alleged that he met with Leffert to "discuss the [CMA] rotation in general" and "how things were going academically." Weil testified that he told Leffert, "I have some concerns about my current rotation," but he did not "get into specifics" because he "want[ed] to make sure that what [he thought was] going on [was]

6

must have learned of this discussion before dismissing Weil. However, Weil points to no evidence refuting Dr. Greenberg's averment that he had "no knowledge" of Weil's speech. Without this evidence, Weil cannot survive summary judgment on his retaliation claim based on his dismissal from CMA.[6] See id.

## II. Preparing Weil's Second Behavior Contract

The faculty defendants were also entitled to summary judgment on Weil's retaliation claim regarding his behavior contract. Weil has not pointed to evidence that his protected speech was a "substantial or motivating factor" in the faculty's decision to create a behavior contract.[7] See Ambrose, 303 F.3d at 493. Eisenhauer, who spearheaded the formulation of Weil's behavior contract, averred that he prepared the contract to "address Weil's behavior" during his CMA rotation. In an attempt to survive summary judgment, Weil pointed to two pieces of evidence he alleged revealed a retaliatory motive: (1) in a draft-contract circulated among the faculty, one member commented that the faculty "[m]ay want to avoid suggesting that we anticipated him to not complete the program?"; and (2) in an email between two other faculty members, one

_____

really going on."

[6] The District Court determined that Dr. Greenberg was not a state actor as to his decision to dismiss Weil from CMA. We need not address that conclusion because Dr. Greenberg was entitled to summary judgment for the reasons discussed herein.

[7] A behavior contract is a written document that informs an LHU student of their particular conduct that violates the school's policies or procedures. Weil was presented with a first behavior contract in April of 2009, before he began his clinical rotations. That behavior contract detailed the faculty's concerns with Weil's conduct, specifying that Weil had been late to class, was absent without permission, demonstrated a lack of sensitivity toward his peers, and behaved unprofessionally by confronting faculty

7

wrote: "Spoke about these issues with students yesterday have (sic) some ideas to share to maybe get them out earlier if they don't play nice in the sandbox." However, no reasonable juror could conclude that this evidence alone would be sufficient to establish a retaliatory motive. As to the first, the comment was directed to a section in the contract describing Weil's behavior that resulted in his first behavioral contract, see supra n.7—Weil signed that contract before he ever began his preceptorship about CMA. Thus, any concern about Weil's ability to complete the program predated his protected speech. As to the second faculty comment, there is no real suggestion in it that the faculty intended to punish Weil for reporting his ethical concerns at CMA. If anything, the comment is consistent with the defendants' evidence that they created the contract to address longstanding and continuing concerns about Weil's professionalism and competence. As the District Court described on page 30 of its memorandum opinion, "the record makes clear that the PA Program faculty evaluated Weil's poor performance at CMA based on many of the incidents and complaints McGraw experienced, and any discussion and dissent among the faculty was over how to interpret Weil's clinical failings and what weight to ascribe each incident." Because Weil has pointed to no evidence to the contrary, he cannot survive summary judgment on that claim.

### III. Subsequent Actions by LHU Faculty

Summary judgment was also proper as to Weil's claims that the LHU faculty took multiple actions—in addressing his grade appeals, requiring him to re-take practical

members.

examinations before continuing the program, proctoring and grading those examinations, and ultimately dismissing him from the program—to retaliate against him for reporting allegedly unethical conduct at CMA. Weil has offered no direct evidence tending to show that his reporting was a substantial or motivating factor in any of these actions. See Ambrose, 303 F.3d at 493. Instead, to establish causation, Weil relies on precedent holding that causation can be inferred from "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren, 480 F.3d at 267. But even if we were to assume, doubtfully, that the timing was sufficient to establish causation, summary judgment was nevertheless proper.[8] The record makes plain that the defendants' actions were taken to address the consequences of a student's failure to successfully complete his preceptorship—and to rehabilitate that student's candidacy for a degree. See id. ("A defendant may defeat the claim of retaliation by showing that it would have taken the same action eve if the plaintiff had not engaged in the protected activity."). The District Court's thorough memorandum opinion addresses each of the defendants' actions, and what the unrebutted evidence shows were the permissible motives underlying them.[9] Here, we need only highlight instances in the

---

[8] The District Court concluded that Weil failed to point to direct evidence suggesting causation, and we have similar doubts. Notably, Weil offered no real evidence that the LHU faculty as a whole wished to punish him simply for stating that he had questions about a handful of billing decisions at their colleague's private medical practice.
[9] The District Court's memorandum addresses Weil's arguments regarding his interim grade appeals on pages 34-35; the fairness of the physical examination on pages 35-40;

9

record making clear that the defendants were entitled to summary judgment. The summary-judgment evidence was that the faculty required Weil to pass a practical examination before continuing the program because he had been absent from the program for months after he was dismissed from CMA. As the District Court noted, students who had been absent from the PA Program were often required to demonstrate competent examination skills before being allowed to return. Indeed, Weil had been required to pass such an exam after he returned from a medical leave of absence (before he began his rotations). Moreover, nothing in the record contradicts the defendants' evidence that Weil's tests were proctored and graded based on their merits. Finally, Weil was denied re-entry into the program because he failed the required practical examination.

We have reviewed the record, and we conclude that no further discussion of any of Weil's remaining arguments is necessary.[10]

For the reasons given, we will affirm the judgment of the District Court.

---

and Weil's appeal of his dismissal from LHU on page 40.

[10] On appeal, Weil does not argue that the District Court erred in granting summary judgment on his retaliation claims involving the faculty's decisions to: (1) update his transcript to reflect his failing grade in the preceptorship course; (2) allow Dr. Greenberg's employees to investigate Weil's claims of unlawful billing; (3) ignore his requests for his education records; or (4) deny his premature request to graduate. Therefore, any argument Weil could have made with respect to those claims is deemed waived. See e.g. Harvey v. Plains Twp. Police Dep't., 421 F.3d 185, 192 (3d Cir. 2005).