**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2804
_____

TRICIA SURINA; JAMES D. SURINA,

Appellants

v.

THE SOUTH RIVER BOARD OF EDUCATION, and ODALIS DELATORRE, Case
Manager, in her individual capacity

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3-17-cv-02173)
United States District Judge: Honorable Freda L. Wolfson
_____

Submitted under Third Circuit L.A.R. 34.1(a)
October 26, 2021

BEFORE: GREENAWAY, JR., PHIPPS, and COWEN, <u>Circuit</u> <u>Judges</u>

(Filed: January 27, 2022)
_____

**OPINION**[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

COWEN, Circuit Judge.

Plaintiffs Tricia Surina and James Surina ("Plaintiffs") appeal from the orders of the United States District Court for the District of New Jersey granting the motions to dismiss filed by defendants and denying Plaintiffs' motion for reconsideration. We will affirm.

I.

Plaintiffs are the parents of A.S., an autistic child. Plaintiffs transferred their son to the South River Public School District and entered into an agreement with the school district to meet his special educational needs. However, numerous ongoing disputes have arisen regarding the needs and well-being of the child. The parents brought this 42 U.S.C. § 1983 action against several defendants—(1) "District Defendants;"[1] (2) "State Defendants;"[2] (3) Charles Erlich, a special education consultant for the District; and (4) Robert Pruchnik, Esq., a private attorney who represented South River. In their initial complaint, Plaintiffs alleged that District Defendants, Erlich, and Pruchnik violated: (1) their Fourth Amendment and Fourteenth Amendment rights under the United States Constitution to be free of a child abuse investigation absent credible evidence of imminent abuse and neglect; (2) their First Amendment rights by retaliating against them for advocating for their special needs child; and (3) their rights under the New Jersey

[1] District Defendants are South River Board of Education ("South River" or "District"), Michael Pfister (District Superintendent), Margaret Pribyl (Director of Special Student Services), Odalis DeLaTorre (a case manager), and Wayne Sherman (the principal of A.S.'s school).

[2] State Defendants are Lisa Von Pier (Director of the New Jersey Division of Child Protection & Permanency ("DCP&P")) and Allison Blake (the Commissioner of the Department of Children and Families ("DCF")).

2

Civil Rights Act ("NJCRA"). Plaintiffs also alleged an intentional infliction of emotional distress claim against District Defendants, Erlich, and Pruchnik. As to State Defendants, Plaintiffs claimed violations of the Fourth, Fifth, and Fourteenth Amendments in connection with the child abuse investigation.

Initially, the District Court granted Pruchnik's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). See Surina v. S. River Bd. of Educ., Civil Action No.: 17-2173(FLW), 2018 WL 1327111 (D.N.J. Mar. 15, 2018). State Defendants moved to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim, and District Defendants and Erlich filed their own Rule 12(b)(6) motions to dismiss. The District Court granted the State Defendants' motion to dismiss with prejudice. The motions to dismiss filed by District Defendants and Erlich were granted with prejudice as to the Fourth and Fourteenth Amendment and intentional infliction of emotional distress claims. Noting that "Plaintiffs clarify that only Mr. Pfister, Mr. Sherman, and Ms. [DeLaTorre] engaged in retaliatory conduct," Surina v. S. River Bd. of Educ., Civil Action No.: 17-2173 (FLW) (TJB), 2018 WL 3617970, at *9 (D.N.J. Jul. 30, 2018), the District Court indicated that, as to DeLaTorre's allegedly false reporting to DCP&P and Sherman's alleged involvement in the filing of a suspicious person report and the revocation of Plaintiffs' special school drop-off privileges, Plaintiffs did not adequately allege causation. It granted Plaintiffs "leave to amend [the retaliation claim] in order to plead causality." Id. at *10. The District Court also determined that the other alleged acts of retaliation committed by DeLaTorre as well as by Pfister did not rise to the level

3

necessary to deter a person of ordinary firmness from exercising his or her First Amendment rights. Furthermore, the District Court dismissed all § 1983 claims against South River, but it granted Plaintiffs leave to amend in order to assert a Monell claim against the District. The District Court likewise dismissed the NJCRA claim but added that, if Plaintiffs amended the complaint to reassert a First Amendment retaliation claim, "they may bring a parallel claim under the NJCRA." Id. at *11.

Plaintiffs filed their amended complaint. In addition to rejecting Plaintiffs' attempt to revive the intentional infliction of emotional distress and Fourth and Fourteenth Amendment claims as well as their claims against Pruchnik, the District Court dismissed the First Amendment retaliation claim against Sherman, Pribyl, Pfister, and Erlich with prejudice. But it dismissed the retaliation claim against DeLaTorre without prejudice. The District Court stated that, "[a]fter combing through the Amended Complaint, it appears possible that Plaintiffs attempt to make out a *prima facie* case for retaliation based on the temporal proximity between Mrs. Surina's March 24, 2016 filing of a Request to Enforce a Court Order, and Mrs. [DeLaTorre's] report to the [DCP&P] a day later." Surina v. S. River Bd. of Educ., Civil Action No.: 17-2173 (FLW) (TJB), 2019 WL 1916206, at *7 (D.N.J. Apr. 29, 2019). Plaintiffs were given "one last chance to amend their First Amendment retaliation claim against only Ms. [DeLaTorre] in order to identify a causal connection between Plaintiffs' protected activity and Ms. [DeLaTorre's] alleged 'false reporting' to the [DCP&P]." Id. at *8. The Monell claim against the District was dismissed, but the District Court again granted Plaintiffs the final opportunity to amend their complaint to set forth a claim against South River based on

4

DeLaTorre's alleged false reporting. Finally, the District Court dismissed the NJCRA claim while permitting Plaintiffs to bring an amended (parallel) retaliation claim under state law against DeLaTorre.

Plaintiffs filed a second amended complaint. The District Court ordered the parties to submit "supplemental briefing on the issue of whether Plaintiffs had sufficiently pled a First Amendment retaliation claim, and specifically, whether they had sufficiently alleged that they had engaged in constitutionally protected conduct." (A14.) While South River and DeLaTorre submitted a supplemental brief, Plaintiffs did not do so.

The District Court granted the motion to dismiss and ordered Plaintiffs' claims to be dismissed with prejudice. It explained that "the only plausible basis for a First Amendment retaliation claim in the FAC is a 'prima facie case for retaliation based on the temporal proximity between Mrs. Surina's March 24, 2016 filing of [the Request], and Mrs. DeLaTorre's report to the [DCP&P] a day later.'" (A16 (quoting Surina, 2019 WL 1916206, at *7).) However, even in their second amended complaint, Plaintiffs "failed to sufficiently plead that they engaged in protected conduct that caused Ms. [DeLaTorre's] alleged retaliatory actions, and, accordingly, their First Amendment retaliation claims are dismissed." (Id. ("Absent any information regarding the subject of the underlying petition, the Court has no basis to discern whether the Request constitutes a protected petition or a sham petition.").) According to the District Court, the Monell claim failed as a matter of law because Plaintiffs did not state a cognizable First Amendment retaliation claim against any individual defendant. Highlighting their prior

5

opportunities to replead their claims as well as Plaintiffs' failure to respond to the request for supplemental briefing, the District Court further determined that granting any further leave to amend would be inequitable and futile.

Plaintiffs filed a motion for reconsideration, which was denied by the District Court. The District Court rejected the argument that it "failed to recognize Mrs. Surina's First Amendment right to gather information as an advocate for her son" (A9) on the grounds that "Plaintiffs never presented it to the Court in the first place" (A10 (footnote omitted). "However, even if the Court were to consider the merits of Plaintiffs' argument, the Court has now explained numerous times that the only plausible claim for relief set forth by the Second Amended Complaint is one for retaliation based on the temporal proximity between the filing of the Request and Mrs. DeLaTorre's report to the [DCP&P]." (A11.) According to the District Court, Plaintiffs yet again failed to describe the request in a way that would permit the District Court to determine whether it "constitutes a protected petition or a sham petition," and "counsel, realizing that he failed to respond to the Court's inquiries regarding the retaliation claim, now attempts to change his theory of the case"—without providing any legal support for this new "information gathering" theory. (Id.) The District Court also observed that Plaintiffs' motion for reconsideration asserted for the first time that "Mrs. Surina filed a New Jersey Open Public Records (OPRA) request on March 23, 2016, apparently seeking information regarding educational consultants approved by the South River School District to conduct Independent Educational Evaluations." (A9 n.1.) In addition to noting that a plaintiff is not permitted to amend a complaint in the plaintiff's response to a motion to dismiss, the

6

District Court pointed out that "Plaintiffs nowhere allege or argue that Defendants were aware of Plaintiffs' filing of the OPRA request such that they can accuse Defendants of retaliating against them for that allegedly protected conduct." (Id.)

## II.

Initially, we determine that Plaintiffs have forfeited any challenge to the District Court's dismissal of the claims against Pruchnik, Erlich, and State Defendants.[3] See, e.g., Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist., 877 F.3d 136, 145-50 (3d Cir. 2017) (indicating that appellant's opening brief must set forth and address each argument appellant wishes to pursue, that passing and conclusory statements do not preserve issue for appeal, that appellate briefs must include statements of all issues presented for appeal as well as supporting arguments and citations, and that Court will not reach forfeited issue in civil case absent exceptional circumstances).

---

[3] The District Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. We have appellate jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over the District Court's dismissal pursuant to Rules 12(b)(1) and 12(b)(6). See, e.g., Free Speech Coalition, Inc. v. Attorney General, 677 F.3d 519, 529-30 (3d Cir. 2012). Under Rule 12(b)(6), we must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether the plaintiff may be entitled to relief under any reasonable reading of the complaint. See, e.g., Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). This inquiry implicates three steps—(1) identify the requisite elements of the claim at issue; (2) set aside mere conclusory allegations that are not entitled to the assumption of truth, and (3) determine whether the well-pleaded factual allegations plausibly give rise to an entitlement to relief. See, e.g., Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016). State Defendants raised a facial challenge to the District Court's subject matter jurisdiction, requiring a determination whether the allegations on the face of the pleading allege facts sufficient to invoke its jurisdiction. See, e.g., Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). We review the District Court's denial of a motion for reconsideration abuse of discretion. See, e.g., Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010).

The District Court dismissed the § 1983 and NJCRA claims against the District's private attorney on the grounds that "Plaintiffs' allegations of state action on the part of Pruchnik fail to satisfy the Join[t] Action test." Surina, 2018 WL 1327111, at *4. As Pruchnik aptly explains in his appellate brief, "in their forty-page brief, the Surinas reference Pruchnik (generically as South River's attorney) on only three occasions, all in their statement of facts." (Pruchnik's Brief at 12 (emphasis omitted).) Plaintiffs "[d]o not mention Pruchnik at all, even by implication, in the legal argument section of their brief," and they thereby "never address the basis for [Chief] Judge Wolfson's dismissal of their claims against Pruchnik much less provide any basis for reversal." (Id.)

Similarly, Appellants do not mention Erlich by name (or profession) in the appellate argument section of their brief. In fact, they do not reference Erlich in their statement of facts. Accordingly, Plaintiffs have forfeited any challenge to the District Court's disposition of the claims against this specific defendant. See, e.g., Surina, 2019 WL 1916206, at *8 (explaining that Plaintiffs failed to demonstrate causal link between their advocacy and Erlich's conduct and that his conduct amounted to nothing more than mild criticism).

The District Court also disposed of the claims against State Defendants on sovereign immunity grounds, explaining that, inter alia, "Plaintiffs have failed to demonstrate that an Ex parte Young exception applies to its claims against State Defendants" because, although the injunctive relief Plaintiffs sought was phrased in prospective terms, there were no alleged facts indicating that State Defendants' purported violations of constitutional law were ongoing. Surina, 2018 WL 3617970, at *6

8

(applying <u>Ex parte Young</u>, 209 U.S. 123 (1908)).  In their opening brief, Plaintiffs

contend that they stated a claim for injunctive relief under § 1983, Article III of the

United States Constitution, and the "capable of repetition yet evading review" mootness

exception.  Plaintiffs do not explicitly address the District Court's immunity analysis

(and, in fact, do not mention either the concept of Eleventh Amendment immunity or the

<u>Ex parte Young</u> doctrine).  Even if the assertions in their brief were sufficient to implicate

the <u>Ex parte Young</u> inquiry, we agree with the District Court that, setting aside their bald

and conclusory allegations, "Plaintiffs have only alleged that [DCP&P] officials

participated in an isolated welfare check at the Surina home at the behest of South

River"—and accordingly "[t]here is no reason to believe that such conduct, even

assuming, arguendo, that this welfare check amounted to a constitutional violation, will

repeat in the future."[4]  <u>Id.</u>

Turning to the claims against District Defendants, we observe that the District

Court thoroughly addressed these claims, especially Plaintiffs' First Amendment

retaliation claim.  In fact, Plaintiffs were given several opportunities to plead a plausible

retaliation claim, and we agree with the District Court that they failed to do so.

In particular, a plaintiff must allege any facts plausibly indicating a causal link

between the reporting and allegedly constitutionally protected conduct.  <u>See, e.g.</u>, <u>Lauren</u>

<u>W. ex rel. Jean W. v. DeFlaminis</u>, 480 F.3d 259, 267 (3d Cir. 2007).  Other than mere

temporal proximity, <u>see, e.g..</u>, <u>id.</u> (stating that plaintiff must ordinarily show either

---

[4] Furthermore, Plaintiffs do not address the dismissal of their intentional infliction of emotional distress claim in their appellate briefing, and we accordingly determine that they have abandoned this state law claim.

9

unusually suggestive time proximity between protected activity and allegedly retaliatory action or pattern of antagonism coupled with timing), Plaintiffs' various complaints did not plausibly allege a causal link between the March 24, 2016 filing of the Request to Enforce a Court Order and DeLaTorre's report to the DCP&P on March 25, 2016.[5] As the District Court observed, "Plaintiffs have not provided any information about the content or context of the Request," and "the [Second Amended Complaint] contains no allegations regarding any court proceeding, let alone any court order that Plaintiffs might have been seeking to enforce." (A16.) Such deficiencies are further compounded by Plaintiffs' own allegations indicating "that [DeLaTorre] 'would have taken the same action even if the plaintiff had not engaged in the protected activity.'" Surina, 2019 WL 1916206, at *7 (quoting Lauren W., 480 F.3d at 267). Specifically:

> According to the Amended Complaint, A.S. had been out from school for portions of the month of March, 2016. In response to these absences, Ms. [DeLaTorre] (along with Ms. Pribyl) had sent a truancy officer to Plaintiff's home on March 21, 2016, three days before Mrs. Surina filed her Request to Enforce the Court Order, "in order to get more information about [A.S.'s] illness." Plaintiffs had submitted a doctor's note, excusing the absence, but, as the Amended Complaint acknowledges, Ms. [DeLaTorre] stated that she was not comfortable with the fact that they were from a walk-in clinic and did not contain a diagnosis. The Amended Complaint further alleges that Ms. [DeLaTorre] also previously reported that A.S. had presented in the past with hygiene issues, a concern that was surely heightened in the wake of his extended absence. While Plaintiffs deny being informed of hygiene issues, they concede that the hygiene issues were previously documented in the nurse's log. Thus, the Amended Complaint seems to indicate that the school had an interest in monitoring A.S.'s absence even before Mrs. Surina filed her request on March 24th, and

_____

[5] We note that the original complaint alleged that the request was submitted on March 23, 2016 and DeLaTorre made her report to DCP&P on March 24, 2016. In their amended pleadings, Plaintiffs alleged that the request was submitted on March 24, 2016 and the DCP&P report was made on March 25, 2016.

10

> that Ms. [DeLaTorre] had ample reason to file the report even if Mrs. Surina had not filed her request.

Id. at *7; see also, e.g., Surina, 2018 WL 3617970, at *9 ("However, there is no allegation that Ms. [DeLaTorre] was aware of that request [to enforce a court order]. See Ambrose v. Township of Robinson, Pa., 303 F.3d 488, 493 (3d Cir. 2002) ('[F]or protected conduct to be a substantial or [motivating] factor in a decision, the decisionmakers must be aware of the protected conduct.').").[6]

---

[6] The District Court likewise did not commit reversible error by denying Plaintiffs' motion for reconsideration. Even if their new "information gathering" theory and the OPRA request could be considered, they did not cure Appellants' underlying failure to allege a causal connection between the protected activity and the retaliatory action or otherwise call into question the allegations indicating that DeLaTorre would have reported to DCP&P even if Plaintiffs did not engage in "information gathering."

"Further, as retaliatory conduct, the Complaint alleges that Ms. [DeLaTorre] falsely accused Plaintiffs of medical neglect and stated to Mrs. Surina, 'What kind of mother are you?' And 'I wouldn't want my child to suffer.' [A111.]" Surina, 2018 WL 3617970, at *9. We agree that such comments, while clearly upsetting, would not deter a person of ordinary firmness from exercising his or her First Amendment rights. See, e.g., McKee v. Hart, 436 F.3d 165, 170 (3d Cir. 2006). We reach the same conclusion with respect to Pfister's "threat" that South River would defend itself if Plaintiffs pursued due process for their son as well as Pribyl's e-mail response to Mrs. Surina's own e-mail requesting that the teacher refrain from giving her son candy or other hard food that could damage his teeth. Plaintiffs also alleged that "Sherman was involved in Sergeant [Neilsen] [a member of the South River board] filing false suspicious person reports in retaliation for Plaintiffs filing a harassment complaint" arising out of an incident involving Mrs. Surina and a recess aide that occurred on the public sidewalk adjacent to the school playground during her son's recess period. Surina, 2019 WL 1916206, at *7. However, "there is no allegation that Principal Sherman directed Sergeant [Neilsen] to file the report, or that he in any way communicated with Sergeant [Neilsen] after the visit to the Surina home." Id. ("Plaintiffs do not even allege that Principal Sherman had any awareness of the incident with the recess aide." (citing Ambrose, 303 F.3d at 493).) Likewise, Plaintiffs did not plausibly allege any causal link between Sherman's revocation of their drop-off privileges and protected activity.

11

III.

For the foregoing reasons, we will affirm the orders of the District Court.

---

We also uphold the District Court's disposition of the other claims against District Defendants. As to the Fourteenth Amendment substantive due process claim, we have already indicated that Defendants had reasonable suspicion to request an investigation into A.S.'s treatment, and, given the circumstances, we agree with the District Court that their conduct did not shock the conscience. See, e.g., Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 285 (3d Cir. 2004) (observing that "shocks the conscience" test reaches only most egregious conduct); Croft v. Westmoreland Cty. Children & Youth Servs., 103 F.3d 1123, 1126 (3d Cir. 1997) (indicating that state has no interest in protecting children from parents unless there was reasonable and articulable evidence giving rise to reasonable suspicion that child has been abused or is in imminent danger of abuse). Furthermore, "[b]esides the vague reference to a conspiracy with the [DCP&P], the Complaint does not allege any involvement by the individual District Defendants in the search." Surina, 2018 WL 3617970, at *9. Because Plaintiffs failed to state a cognizable claim against the individual State Defendants, any claim against the District likewise failed as a matter of law. (See A16 (citing Deninno v. Municipality of Penn Hills, 269 F. App'x 153, 158 (3d Cir. 2008)).) Insofar as Plaintiffs did not allege a cognizable federal constitutional claim under § 1983, they similarly failed to allege a violation under the analogous NJCRA. See, e.g., Perez v. Zagami, LLC, 94 A.3d 869, 875 (N.J. 2014) (observing that NJCRA was designed as state analogue to § 1983).